PUERTO RICO WATER RESOURCES AUTHORITY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent.

No. C-66-68.     Decided January 31, 1967.

*José Antonio Arabía* and *Carlos Díaz Lamoutte* for petitioner.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: The worker, Julio Eduardo Cortijo Walker, lost his life on May 13, 1960, in a labor accident while he

was working for the insured employer, Anastasio Rodríguez Cubano. On January 17, 1961, the Manager of the State Insurance Fund decided that the only dependent of the deceased worker was a minor brother called Víctor Lanzó, also known as Víctor Walker Lanzó and awarded him compensation in the amount of $5,184.

On August 29, 1961, the plaintiffs, Julia, Pablo, Edwin, Victoria, Isolina, José Amalio, Ángel, and Víctor Vicente, all of them surnamed Cortijo Walker, filed a claim for damages for the death of the deceased worker Julio Eduardo Cortijo Walker, against the Water Resources Authority as third party liable for said death.[1]

Defendant answered the complaint and as affirmative defense it alleged that the complaint did not adduce facts constituting a cause of action in behalf of the plaintiffs. Subsequently the defendant filed a motion to dismiss alleging that plaintiffs' cause of action had prescribed because the complaint had been filed after more than a year had elapsed since the death of the worker Cortijo Walker.

The hearing of the motion to dismiss having been held, the court, on August 3, 1965, entered an order postponing its decision as to the defense of prescription until the decision of the case on the merits and granted defendant a term to answer. Defendant reiterated the defense of prescription in the amended answer.

On December 13, 1965, date set for the hearing of the case on the merits, the parties agreed that it was better for the court to decide the question of prescription before the evidence was heard. Plaintiffs were granted ten days for briefs and an equal term to inform the court whether they

---

[1] The Authority brought suit against the insured employer, Anastasio Rodríguez Cubano, as third-party defendant. On review we affirmed a summary judgment dismissing the third-party complaint against the insured employer. *Cortijo Walker* v. *Water Resources Authority*, 91 P.R.R. 557 (1964).

needed to present evidence to defeat the defense of prescription. Said term having elapsed without the plaintiffs doing anything, the court considered the question submitted and on January 31, 1966, entered a well-reasoned order sustaining the defense of prescription and consequently dismissing the complaint and ordering the dismissal of the case. Notice of this order was served on the parties on February 2, 1966. However, there is no proof of the date on which copy of said notice was filed in the record.

On February 24 of the same year, 1966, plaintiffs filed a motion for reconsideration along with an amended complaint. This motion was set and argued on March 11. Terms were granted to the parties for briefs and finally on May 10 the court entered an order setting aside the order of January 31, 1966 dismissing the complaint and admitted the amended complaint. In order to review this order we issued a writ of certiorari.

Petitioner maintains that (1) the Superior Court lacked jurisdiction to reconsider its Order of January 31, 1966, and (2) plaintiffs' actions have prescribed.

■■ We agree with petitioner that the order of January 31, 1966 partakes of the nature of a judgment for it had the effect of dismissing the complaint and definitively dismissing the case considering the litigation closed inasmuch as the action exercised had prescribed. Consequently the motion for reconsideration should have been presented within the 15 days after notice of said order was filed in the record.

■ Motion for reconsideration was filed on February 24, 1966, apparently after more than 15 days had elapsed since the service of judgment, but as there is no proof of the date on which copy of the service of the aforesaid order or judgment was filed in the record, there is no way of knowing or determining the date on which the jurisdictional 15-day term began to run. Therefore, it cannot be held that the trial

886

court lacked jurisdiction to reconsider its order of January 31, 1966.

When moving for the reconsideration of the order or judgment sustaining the defense of prescription, plaintiffs alleged that there were minors among them and that the prescription did not run against them. They also attached an amended complaint to their motion which was admitted by the court. The defendant answered said complaint and among its defenses included that of prescription of the actions exercised.

In view of the state of the proceedings, it is better to allow the trial court to pass on the defense of prescription and to hear the evidence, if introduced, of the parties on such defense.

For the reasons stated, the writ issued will be quashed and the case will be remanded for further proceedings.